**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 1, 2013

LETTER TO COUNSEL

RE:   *April Michelle Baylis v. Commissioner of Social Security*;
       Civil No. SAG-11-3674

Dear Counsel:

On December 21, 2011, claimant April Michelle Baylis petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Insurance ("SSI"). (ECF No. 1).  I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 21).  I find that no hearing is necessary.  Local R. 105.6 (D. Md. 2011).  This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion.  This letter explains my rationale.

Ms. Baylis filed her claims for benefits on August 27, 2009 (DIB) and August 4, 2010 (SSI), alleging disability beginning on January 31, 2008.  (Tr. 129-35, 137-43).  Her claim was denied initially on May 6, 2010, and on reconsideration on November 18, 2010.  (Tr. 71-74, 76-79).  After a hearing on August 18, 2011, (Tr. 32-67), an Administrative Law Judge ("the ALJ") issued an opinion denying benefits based on a determination that Ms. Baylis was not disabled. (Tr. 9-31).  The Appeals Council denied Ms. Baylis's request for review, (Tr. 1-6), so the ALJ's opinion is the final, reviewable decision of the agency.

The ALJ found that Ms. Baylis suffered from the severe impairments of obesity, autoimmune hepatitis, lumbar degenerative disc disease, and personality disorder.  (Tr. 14). Despite these impairments, the ALJ found that Ms. Baylis had retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 20 CFR 416.967(b) except she is able to perform occasional postural activities but never climb a ladder, rope, or scaffold, and should avoid concentrated exposure to hazards. The claimant should avoid pushing and pulling, working overhead[,] and limit[] to frequent as opposed to constant handling, fingering[,] and feeling with the non-dominant left hand. Nonexertional limitations limit her to simple unskilled work, work not at a production pace, work that is low stress, defined as only occasional changes in the work setting.

*April Michelle Baylis v. Commissioner of Social Security*
Civil No. SAG-11-3674
March 1, 2013
Page 2


(Tr. 17).  After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Baylis could perform work existing in the local and national economy, and that she therefore was not disabled.  (Tr. 22-23).

Ms. Baylis makes a single argument in support of her appeal: that the ALJ failed to properly evaluate Ms. Baylis's Lyme disease as a severe impairment.  Ms. Baylis alleges that her Lyme disease exacerbated her joint pain and fatigue. After reviewing the record and the ALJ's opinion, I find that the ALJ has not provided sufficient analysis at step two for me to determine whether her conclusion as to the severity of Ms. Baylis's Lyme disease is premised on substantial evidence. Further, the ALJ failed to consider the plaintiff's Lyme disease at the remaining steps. Remand is therefore required.

In evaluating the severity of Ms. Baylis's Lyme disease at step two, the ALJ stated, "The claimant mentions a diagnosis of Lyme disease; however, there is no evidence of positive diagnostic testing in the record.  It appears the claimant was prescribed Doxycycline as a precautionary measure." (Tr. 15).  In making her assessment, the ALJ made no reference to several contrary statements by Ms. Baylis's treating physicians.  On June 24, 2008, Dr. Wesley Emmons, an infectious disease specialist, noted that he thought, Ms. Baylis "had Lyme disease as part of her issue in the hospital. Lyme disease is a clinical diagnosis and early on the serologies will be negative." (Tr. 457).  In August 2008, in response to a query from Liberty Mutual, Ms. Baylis's primary care physician, Dr. Christie Horah, asserted that a negative Lyme disease test result did not eliminate the diagnosis. (Tr. 480).

During the RFC evaluation, the ALJ considered a Delaware state certification in which Dr. Horah stated that Ms. Baylis was totally disabled from performing duties required for her current occupation due to Lyme disease. (Tr. 20).  However, the ALJ discounts the report as a measure of Ms. Baylis's disability based on the limited duration of the disability alleged.  Nowhere does the ALJ consider the report as evidence of Ms. Baylis's Lyme disease diagnosis.  Moreover, the ALJ did not expressly consider evidence that Ms. Baylis was still seeking treatment for chronic joint pain secondary to Lyme disease in March, April, and May, 2011. (Tr. 853-58).

I cannot find harmless error in the ALJ's failure to consider contrary evidence of the diagnosis and severity of Ms. Baylis's Lyme disease.  Remand is appropriate to allow adequate consideration of the entire medical record.  In so finding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Baylis was not entitled to benefits was correct or incorrect.

For the reasons set forth herein, Ms. Baylis's motion for summary judgment (ECF No. 17) and Defendant's motion for summary judgment (ECF No. 21) will be DENIED.  The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings.  The clerk is directed to CLOSE this case.

*April Michelle Baylis v. Commissioner of Social Security*
Civil No. SAG-11-3674
March 1, 2013
Page 3

    Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

                          Sincerely yours,

                          /s/

                          Stephanie A. Gallagher
                          United States Magistrate Judge