IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| APRIL MICHELLE BAYLIS, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Civil Case No. SAG-11-3674 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

******

**<u>MEMORANDUM</u>**

This matter is before the Court by the parties' consent. (ECF Nos. 3, 8). W. James Nicoll, Esq. has filed a petition for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).[1] (ECF No. 27). The Commissioner responded to Mr. Nicoll's petition, suggesting that the fees requested in the motion might result in a windfall. (ECF No. 31). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Mr. Nicoll's Petition for Attorney's Fees is GRANTED in part and DENIED in part.

**I. BACKGROUND**

April Michelle Baylis[2] filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in 2009 and 2010. (Tr. 129-35, 137-43). She was represented throughout the agency proceedings by Mr. Nicoll's firm, Jenkins, Block and Associates. (Tr. 34). After benefits were denied through the administrative appeals process, on

---

[1] Presumably, Mr. Nicoll also seeks fees under 42 U.S.C. § 1383(d)(2).

[2] Ms. Baylis has since married, and her surname is now "Battersby." (ECF No. 27). However, since the case caption is "Baylis" and most of the relevant proceedings occurred prior to her name change, I will continue to use "Baylis" in this memorandum.

1

December 21, 2011, Ms. Baylis petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims. (ECF No. 1). After extensions of time were requested by both parties, the parties filed cross-motions for summary judgment. (ECF Nos. 13-21). On March 1, 2013, this Court denied both motions and remanded the case to the agency for further adjudication. (ECF No. 22).

After the remand, Ms. Baylis requested attorney's fees for Mr. Nicoll under the Equal Access to Justice Act ("EAJA") on March 26, 2013. (ECF No. 24). Mr. Nicoll was granted $1,803.25 in fees under the EAJA.[3] (ECF No. 26). After further proceedings at the agency, on October 16, 2013, an ALJ issued a fully favorable decision, finding Ms. Baylis disabled as of January 31, 2008. (ECF No. 27-5). The SSA awarded past-due benefits to Ms. Baylis. Subsequently, the SSA authorized a fee in the amount of $6,000.00 for the work performed by Mr. Nicoll's law firm in front of the agency. (ECF No. 27-8). The SSA withheld $23,026.25, or 25 percent of the past-due benefits, for payment of attorney's fees. (ECF No. 27-6).

Mr. Nicoll timely filed the instant Petition for Award of Attorney Fees within thirty days after the SSA's January 11, 2014 Notice of Award. (ECF No. 27, Ex. D). Mr. Nicoll now seeks $17,026.25 for 17 hours of work in front of the federal district court. (ECF No. 27-1). That amount is calculated by subtracting the $6,000 already awarded for attorney's fees at the administrative level from the $23,026.25 representing twenty-five percent of the past-due benefits awarded. The government suggests that granting Mr. Nicoll's full request would result in an award that is inappropriately large in this case. (ECF No. 31). For the reasons stated below, I agree, but will award a substantial percentage of the requested fees.

---

[3] Because Ms. Baylis owed a debt to the U.S. Department of Treasury, the EAJA funds were never received by Mr. Nicoll's firm. (ECF No. 27, Ex. E).

**II. ANALYSIS**

Upon an award of past-due benefits under Title XVI Supplemental Security Income, 42 U.S.C. § 1383 authorizes the payment of reasonable attorney's fees totaling no more than twenty-five percent of such benefits. 42 U.S.C. § 1383(d)(2)(B)(i). Section 1383 specifically incorporates provisions of 42 U.S.C. § 406(b), which governs payment of attorney's fees out of an award of past-due benefits under Title II Disability Insurance Benefits. 42 U.S.C. § 1383(d)(2)(A). Because Ms. Baylis applied for both Title II and Title XVI benefits, both statutes are implicated. In practice, the two statutes function identically, and the same considerations are undertaken in determining reasonable fees under each provision.

The Supreme Court has emphasized the primacy of the contingent-fee agreement made between attorney and client in determining the fees that should be paid to that attorney for successfully representing a claimant for Social Security benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court's role is to "review such agreements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The contingent-fee agreement between Mr. Nicoll and Ms. Baylis reads:

> If I am awarded benefits at the administrative level after my case goes to the Federal District Court, I agree to pay a fee of 25% of all past-due benefits, WITHOUT regard to the maximum fee allowed under section 206(a)(2)(A) of the Social Security Act, which applies to administrative level fees . . . I understand that the total combined amount of all Federal Court level, Administrative Level and EAJA fees may not exceed 25% of my total past due benefits.

(ECF No. 27-3).[4] Thus, it is clear that the parties understood that Mr. Nicoll would receive 25 percent of the award of past-due benefits. However, the *Gisbrecht* Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall"

---

[4] Fee agreements approved by the agency on or after June 22, 2009 are subject to a $6,000.00 maximum fee for work at the administrative level. *See* Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009).

3

to the attorney. *Id.* at 808. The burden of establishing that a fee is reasonable rests with the attorney seeking the fee. *Id.* at 807.

The issue in this case, then, is whether the fee sought would constitute a "windfall" to Mr. Nicoll and, if so, what fee amount would be reasonable in light of the parties' agreed contingent fee. Mr. Nicoll submits that his firm performed 17 hours of work in this case: 10.25 hours of attorney work and 6.75 hours of work performed by a paralegal. The hourly rate, obtained simply by dividing the fees sought by the total hours of work, is therefore $1,001.54 per hour. The Commissioner has cited a series of cases considering fee awards where the calculated hourly rate exceeded $1000.00 per hour. Some courts have found such high rates to be reasonable on the facts presented, while others have determined the rates to be unreasonable and have ordered reductions. *Compare Muniz v. Astrue,* No. 09-3954, 2011 WL 5563506, at *4-5 (E.D.N.Y. Nov. 15, 2011) (summarizing relevant cases and results).

In the only Fourth Circuit case on this issue since *Gisbrecht,* the Court cited *Gisbrecht* for the proposition that a reduction in the agreed contingent fee may be appropriate where (1) the fee is disproportionate to "the character of the representation and the results . . . achieved," (2) counsel's delay resulted in further accumulation of past-due benefits while the case remained pending in court; or (3) past due benefits "are large in comparison to the amount of time counsel spent on the case." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (quoting *Gisbrecht,* 535 U.S. at 808). In this case, the totality of those factors weigh in favor of some reduction in the contingent fee.

This Court must first consider "the character of the representation and the results the representative achieved." *Gisbrecht,* 535 U.S. at 808. The character of the representation provided was not unduly complex, particularly for an attorney with Mr. Nicoll's significant

experience in Social Security disability appeals.  The 17 hours involved filing only a one-page boilerplate complaint, and a motion for summary judgment supported by a ten page memorandum of law.  (ECF Nos. 1, 17).  The memorandum of law essentially raises a single deficiency in the ALJ's opinion, specifically the failure to adequately consider Ms. Baylis's Lyme disease at Step Two of the analysis.  (ECF No. 17).  However, that Step Two argument proved meritorious, and resulted in remand of the case.  (ECF No. 2).  Mr. Nicoll should not be penalized for his efficiency in deciding to eschew including less meritorious arguments solely for the purpose of working more hours on the case or making his brief longer.  Most of Mr. Nicoll's brief consists of case-specific facts or legal argument, and not boilerplate. (ECF No. 17). Moreover, unlike other attorneys who practice in this area, Mr. Nicoll did not spend extensive time compiling a detailed synopsis of the medical evidence of record.  While including that level of factual detail in an appellate brief certainly increases the number of hours an attorney can bill to a case, it provides little assistance to the Court's adjudication.  Mr. Nicoll should be rewarded, and not penalized, for his relative efficiency and his focus on issues and arguments of value to the Court.  Finally, as Mr. Nicoll notes, his efforts resulted in an award of disability benefits to a relatively young individual, who was less likely to obtain benefits and who could potentially remain eligible for benefits for many years.  Pl. Mot. 10, 14.  Thus, the first factor weighs in favor of awarding the contingent fee to Mr. Nicoll.

The other two factors, however, mitigate in favor of a reduction.  The second factor relates to counsel's delay in litigating the case.  The original scheduling order in the case provided that Plaintiff would file her motion for summary judgment by May 8, 2012, and Defendant would respond by July 9, 2012.  (ECF No. 11).  Plaintiff asked for two extensions of time, eventually filing her motion on August 28, 2012, and agreed to one extension of time for

the Commissioner, resulting in the filing of the Commissioner's brief on November 19, 2012. (ECF Nos. 13, 15, 18). Thus, there was approximately a four-month delay in litigating the case, attributable, in whole or in part, to counsel. Although the delay was relatively minor, some additional past-due benefits accrued to Ms. Baylis as a result.

More importantly, Ms. Baylis received a significant award of past-due benefits, in the approximate amount of $92,105.00. That award is quite large in comparison to the amount of time spent by Mr. Nicoll's firm on her case, even if the time worked at the administrative level were to be taken into account. *See* (ECF 27-1, Ex. H (demonstrating 60.50 hours spent on the case at the administrative level, mostly of clerical nature)). Moreover, a significant amount of the work performed at the federal court level was performed by paralegal employees of the firm, and not by counsel. It is difficult to see how that work could be reasonably compensated at the same rate as work performed by a licensed attorney.

In *Hayes v. Secretary of Health and Human Servs.,* 923 F.2d 418, 422 (6th Cir. 1990), the Court held that a fee is *per se* reasonable, and is not a windfall, if the attorney's hourly rate calculated under the contingency fee agreement is no more than twice the standard market rate. While *Hayes* provides a "floor" for the calculation of a reasonable fee, it does not establish the precise line dividing a reasonable fee from a windfall. Mr. Nicoll has stated that his non-contingent hourly rate is $300.00, which is in line with both the market and the "Guidelines for hourly rates" set forth in Appendix B of the Local Rules of this Court. Loc. R. App'x B (D. Md. 2011). The Guidelines establish a paralegal's hourly rate at $95-115 per hour. Thus, using the *Hayes* calculation of twice the standard market rate, the "floor" for an award of fees in this case would be $7,702.50, which represents a fee of $600 per hour for Mr. Nicoll's attorney work and $230 per hour for the work of his paralegal.

Using that figure for fees, however, would fail to afford appropriate weight to the contingency agreement between the parties, as required by *Gisbrecht*, and would fail to reward Mr. Nicoll for his efficient and successful presentation of Ms. Baylis's meritorious claim.  I will therefore award fees in the amount of $11,818.28.  I have not reduced the hourly rate for Mr. Nicoll's work, which results in a fee of $10,265.78 for 10.25 hours of work.  I have also credited the 6.75 hours of paralegal work at $230.00 per hour, which amounts to $1552.50 in additional fees.  In total, with the $6,000.00 in fees awarded for work at the administrative level, Mr. Nicoll's firm will receive $17,818.28 for work on this case.

I note that my review of the administrative level billing records reveals that the firm had an additional 13.75 hours of attorney time at that level.  The remainder of the work at the administrative level consisted essentially of administrative and clerical tasks, which are not compensable. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (finding clerical tasks non compensable under 42 U.S.C. § 406(b)); *Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all").  In total, then, the firm expended 24 hours of attorney time on Ms. Baylis's case (13.75 at the administrative level and 10.25 in federal court).  The average hourly rate for attorney time, with a total fee of $17,818.28, is $742.42 per hour.  That hourly rate more than compensates counsel for assuming the risk of pursuing Social Security appeals on a contingent basis, and constitutes a reasonable fee in light of the contingency fee agreement in this case.

**CONCLUSION**

Based on the foregoing, the Court GRANTS in part and DENIES in part Mr. Nicoll's Petition for Attorney's Fees. A separate order follows.

Dated: June 13, 2014                                /s/
                                                                    Stephanie A. Gallagher
                                                                    United States Magistrate Judge